UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRIAN JAMES DABNEY,  
NO. 572988,

Case No. 3:20-cv-12176  
Hon. Robert H. Cleland

Plaintiff,

v.

HEIDI WASHINGTON,  
ET AL,

Defendants.
_____/

**ORDER TRANSFERRING CASE TO THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN**

Plaintiff Brian James Dabney is a Michigan prisoner incarcerated at the Baraga Maximum Correctional Facility. The pro se complaint names MDOC Director Heidi Washington, Baraga Correctional Facility Warden Daniel LeSatz, Ionia Correctional Facility Warden John Davids, and MDOC Hearings Administrator Richard D. Russell as Defendants. The complaint asserts that Plaintiff is imprisoned under a false identity, that he is actually a Brazilian citizen, and that his rights were violated by Defendants in various ways when he sought his transfer to Brazilian authorities.

The determination of the proper venue for a civil action in federal court is generally governed by 28 U.S.C. § 1391. Relevant here, the statute provides that a civil action may be brought in (1) a judicial district in which any defendant resides; or (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred. 28 U.S.C. 1391(b)). If venue is improper in the district where a case is filed, but would be proper in another district, "a

district court has the power to sua sponte transfer [the] case." *Cosmichrome, Inc. v. Spectra Chrome, LLC*, 504 F. App'x 468, 472 (6th Cir. 2012).

Plaintiff's facility is located in Baraga County, Michigan, where Defendant LeSatz is located. The events giving rise to the complaint are also alleged to have occurred in Baraga County. Defendants Washington and Russell are located in Ingham County. Defendant Davids is located in Ionia County. Baraga, Ingham, and Ionia Counties are part of the Western District of Michigan. 28 U.S.C. § 102(b). Because there is no apparent basis for venue to lie in this district, but there are facts in the complaint suggesting that venue would be proper in the Western District, the Court finds that the interests of justice would be served by transferring the case to the district where it should have been filed in the first instance. 28 U.S.C. § 1406(a).

**IT IS ORDERED** that this case be transferred to the United States District Court for the Western District of Michigan pursuant to 28 U.S.C. §1406(a).

It is noted that this Court has not decided Plaintiffs' motion to proceed in forma pauperis, nor has the Court reviewed Plaintiffs' complaint under 28 U.S.C. §§ 1915(e)(2), 1915A, or under 42 U.S.C. §1997e(c).

**SO ORDERED.**

s/R. Steven Whalen  
R. Steven Whalen  
United States Magistrate Judge

Dated: December 2, 2020

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was sent to parties of record on December 2, 2020 electronically and/or by U.S. mail.

                                                s/Carolyn M. Ciesla
                                                Case Manager